IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-MJ-1008-RJ-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | ORDER ON PRELIMINARY |
| ) | EXAMINATION AND DETENTION |
| ) | PENDING TRIAL |
| ) | |
| SHKUMBIN SHERIFI, ) | |
| ) | |
| Defendant. ) | |

This matter came before the court today for a preliminary hearing on the criminal complaint against Defendant and for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain Defendant pending trial. The government presented the testimony of James Langtry, an agent of the Federal Bureau of Investigation. The court also reviewed the pretrial services report. Defendant was represented by counsel and presented the testimony of Defendant's sister as a proposed third-party custodian.

The court finds that the credible information presented, including that reflected in the findings below, clearly establishes probable cause to support the criminal complaint. In addition, having considered the record pursuant to 18 U.S.C. § 3142(g) and based on the findings and reasons stated below and in open court, the court finds: (1) by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community and (2) by a preponderance of the evidence that Defendant poses a risk of nonappearance at future court proceedings. The government's motion for detention is therefore allowed.

## BACKGROUND

Defendant is charged with conspiracy to use or cause another to use the mail or any facility of interstate or foreign commerce with the intent that a murder be committed as consideration for the receipt of or as consideration for a promise or agreement to pay anything of pecuniary value in violation of 18 U.S.C. § 1958(a). The credible evidence presented at the hearing included the following: Defendant traveled to Wilmington, North Carolina in an automobile via the Federal Interstate Highway System to meet with a confidential source and provided that confidential source with $4,250, the remaining balance of an agreed-upon amount for the murder of a witness who had testified against Defendant's brother in an unrelated trial in federal court resulting in the conviction of Defendant's brother. After the meeting with the confidential source, Defendant then advised his brother that payment had been made. The confidential source subsequently met with Defendant and provided him photographs of the staged death of the intended victim. Defendant showed the photographs to his brother to confirm the "murder" and the photographs were in Defendant's possession upon his arrest. Accordingly, there is probable cause to believe Defendant committed the offense contained in the criminal complaint.

## DISCUSSION

The law requires that Defendant be detained pending trial based on the following principal findings and reasons: (1) evidence showing that the government has a strong case, including the evidence reviewed above; (2) Defendant has extensive family ties outside the United States and has recently traveled for an extended period to Kosovo, (3) the lack of an appropriate release plan, (4) the substantial prison term Defendant faces if convicted; and, as

2

indicated, (5) other findings and reasons stated in open court. Considerations cited by Defendant's counsel at the hearing as mitigating, including the testimony of Defendant's sister with regard to Defendant's character, do not offset the other factors weighing heavily in favor of detention.

## CONCLUSION

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this the 27th day of January, 2012.

_____
Robert B. Jones, Jr.,
United States Magistrate Judge